

**United States Department of Justice**

*William J. Powell*
*United States Attorney's Office*
*Northern District of West Virginia*

United States Courthouse
1125 Chapline Street          Phone: (304) 234-0100
P.O. Box 591                  FAX: (304) 234-0111
Wheeling, WV  26003

**FILED**

**JUL 2 3 2020**

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

Andrew G. Fusco, Esq.                 July 8, 2020
Bowles Rice LLP
125 Granville Square
Morgantown, WV 26505
*VIA E-MAIL DELIVERY*

In re:   United States v. Qingyun SUN, Criminal No.: 1:20-CR-28

Dear Mr. Fusco:

This will confirm conversations with you concerning your client, Qingyun Sun (hereinafter referred to as "Defendant" or "Dr. Sun"). All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

**Subject to Department of Justice Tax Division approval**, it is agreed between the United States and your client as follows:

1. Dr. Sun will waive his right to have his case presented to a Grand Jury and plead guilty to a two-count Information to be filed in this district. Count One will charge him with Wire Fraud, in violation of Title 18, United States Code, Section 1343. Count Two will charge him with Filing False Income Tax Return, in violation of Title 26, United States Code, Section 7206(1), based on Tax Year 2013. For purposes of this plea agreement, Dr. Sun hereby waives any claim that the offense in Count Two is barred by the applicable statute of limitations.

2. The maximum penalty to which Dr. Sun will be exposed by virtue of his plea of guilty to Count One is: imprisonment for a term of not more than twenty (20) years, a fine of not more than $250,000.00, and a term of supervised release of not more than three (3) years, pursuant to Title 18, United States Code, Sections 1343, 3559(a)(3), 3571(b)(3) and 3583(b)(2). The maximum penalty to which Dr. Sun will be exposed by virtue of his plea of guilty to Count Two is: imprisonment for a term of not more than three (3) years, a fine of not more than $250,000.00, and a term of supervised release of not more

_____          7-9-2020
Qingyun Sun, Defendant              Date

_____          7-9-2020
Andrew G. Fusco, Esq.               Date
Counsel for Defendant

- 1 -

than one (1) year, pursuant to Title 26, United States Code, Section 7206 and Title 18, United States Code, Section 3583(b)(3).

Dr. Sun will also be required to pay a mandatory special assessment of $200.00 (Title 18, United States Code, Section 3013) which must be paid before the date of sentencing by money order, or certified check, made payable to the United States District Court. It is also understood that Dr. Sun might be required by the Court to pay the costs of any incarceration.

Dr. Sun recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which Dr. Sun is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Dr. Sun understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Dr. Sun nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

3.   Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that the base offense level for Count One is **Base Offense Level 7** pursuant to Section 2B1.1(a)(1) because the offense of conviction is referenced in Section 2B1.1 and has a statutory maximum term of imprisonment of 20 years or more. In addition, the parties hereby stipulate and agree to the following specific offense characteristic for Count One: **no increase** pursuant to Section 2B1.1(b)(1)(A) because the loss was $6,500.00 or less, specifically approximately $6,233.12. *Relevant Ct. 1*

As to Count Two, the parties agree that, pursuant to Section 1B1.3, relevant conduct includes tax loss arising from the tax years 2013 through 2018. The parties agree to litigate the amount of the total tax loss arising from the tax years 2013 through 2018 for purposes of applying Section 2T4.1 to calculate the base offense level for Count Two.

The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulations, and if not accepted by the Court, Dr. Sun will not have the right to withdraw his plea of guilty.

4.   With regard to Count One, Defendant agrees, pursuant to 18 U.S.C. § 3663(a)(3), to pay restitution to West Virginia University in the amount of **$6,233.12**. Defendant agrees that the total amount of restitution reflected in this paragraph results from his fraudulent conduct. Defendant agrees to pay this restitution in full on or before the date of his sentencing hearing.

_____   7-9-2020
Qingyun Sun, Defendant           Date

_____   7-9-2020
Andrew G. Fusco, Esq.            Date
Counsel for Defendant

5. To provide a factual basis for the guilty pleas to the counts of conviction, the parties hereby stipulate and agree to the following facts.

   a. Background

   At all relevant times, Dr. Sun was a Chinese national employed by West Virginia University ("WVU"), a research university located in Morgantown, West Virginia, as an associate professor and the associate director of the United States-China Energy Center at WVU. At all relevant times, WVU contracted part of the defendant's time to the West Virginia Development Office ("WVDO"), an office within the West Virginia Department of Commerce, where he acted as the Governor's assistant for China affairs. At all relevant times, the defendant was employed by Synfuels Americas Corporation d/b/a Synfuels Americas ("Synfuels Americas"), an energy conversion technology provider of coal-to-liquids and gas-to-liquids processes, located in Sterling, Virginia. At all relevant times, Synfuels Americas was a subsidiary of Synfuels China, which has its headquarters in Beijing, China. From in or about July 2011 to in or about May 2015, Peabody Energy Generation Holding Company ("Peabody Energy"), an energy company based in St. Louis, Missouri, paid consulting fees to Energy United LC, a consulting business which Dr. Sun had established in 2005. The following offense conduct arises out of a single scheme involving Dr. Sun's operation of his consulting business through Energy United.

   b. Count One (Wire Fraud Offense).

   *October 2015 Trip*
   In October 2015, Dr. Sun traveled to China on behalf of WVU and WVDO to prepare for an upcoming visit to China by WVU representatives and to lead a West Virginia industrial delegation to participate in a coal expo in Beijing. On September 28, 2015, Dr. Sun used a personal credit card to purchase coach and business class flights to China, causing United Airlines to send two confirmation e-mails to Dr. Sun's WVU e-mail account via interstate wire transmissions. Dr. Sun subsequently used the business class flight and redeemed the coach flight. On November 18, 2015, Dr. Sun signed a WVU travel settlement, requesting reimbursement of **$2,142.14** for the coach class flight. In support of his request, Dr. Sun submitted the United Airlines confirmation e-mail. Dr. Sun fraudulently failed to disclose to WVU that he had redeemed the coach class flight. On July 5, 2016, WVU reimbursed Dr. Sun via electronic payment.

   c. Count Two (Tax Offense).
   On April 10, 2014, Dr. Sun filed a Form 1040 U.S. Individual Tax Return jointly with his spouse for tax year 2013. A certified public accountant prepared this return and filed the return electronically from Monongalia County, West Virginia. As relevant here, on Schedule C of the return, Dr. Sun reported the gross income of Energy United as $128,506.00 and claimed

_____  _____7-9-2020_____
Qingyun Sun, Defendant            Date

_____  _____7-9-2020_____
Andrew G. Fusco, Esq.             Date
Counsel for Defendant

- 3 -

$66,704.00 in deductions for travel expenses related to Energy United. Dr. Sun willfully caused the filing of this false tax return. This return was false as to the deductions for Energy United travel expenses of $11,692.32 because Dr. Sun had paid for some of these expenses with a State Purchasing Card, and WVU and Peabody Energy had reimbursed him for the other travel expenses. This overstatement of Energy United deductions caused a tax due and owing. This return was also false because Dr. Sun failed to file a Schedule B to report any financial interest in, or signature authority over, a financial account in a foreign county. At the time of filing, Dr. Sun had an interest in numerous financial accounts in China.

6. Dr. Sun waives any right to have sentencing determinations made by a jury and for a jury determination of any and all facts relevant to the application of the United States Sentencing Guidelines provisions and consents to the application of the Guidelines, in conformity with <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), and to a determination of any and all facts and a resolution of the application of any and all Guidelines factors by the United States District Judge. Dr. Sun further agrees that the District Judge should make any sentencing determinations, including, but not limited to, Guidelines determinations, using the preponderance of the evidence standard.

7. Dr. Sun will be completely forthright and truthful with federal and state officials in the Northern District of West Virginia and elsewhere with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Dr. Sun will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

8. Nothing contained in any statement or any testimony given by Dr. Sun pursuant to Paragraph 7 will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from Dr. Sun in compliance with this Agreement will be made known to the sentencing Court. However, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Dr. Sun's applicable guideline range. This Agreement does not prevent Dr. Sun from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this Agreement. In addition, nothing contained in this Agreement shall prevent the United States from prosecuting Dr. Sun for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of Paragraph 7 above.

9. At final disposition, the United States will advise the Court of Dr. Sun's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.

_____     7-9-2020
Qingyun Sun, Defendant        Date

_____     7-9-2020
Andrew G. Fusco, Esq.         Date
Counsel for Defendant

10.     There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, as to what the final disposition in this matter should or will be. This Agreement includes <u>nonbinding</u> sentencing recommendations by the United States, pursuant to Rule 11(c)(1)(B). However, Dr. Sun understands that the Court is <u>not</u> bound by these sentencing recommendations, and that he has <u>no</u> right to withdraw his guilty plea if the Court does not follow the sentencing recommendations set forth in this Plea Agreement.

11.     The United States will make the following <u>nonbinding</u> recommendations: 1) if Dr. Sun accepts responsibility, and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, the United States will concur in the recommendation; and 2) the United States will recommend that any sentence of incarceration imposed should be at the lower end of the applicable Guideline range.

12.     If, in the opinion of the United States, Dr. Sun either engages in conduct defined under Application Notes 4(A) through (K) of Guideline 3C1.1, fails to cooperate as promised, fails to make a truthful debriefing, is found to be deceptive during any polygraph, fails to testify fully and truthfully either at grand jury or any trial, fails to pay the special assessment prior to the sentencing hearing, or violates any other provision of the Plea Agreement, then the United States will not be bound to make the foregoing recommendations or take the foregoing actions and Dr. Sun will not have the right to withdraw his guilty plea.

13.     Dr. Sun is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, the defendant waives the following rights, if the Court sentences within the statutory maximums of the statutes of conviction:

a. The defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the defendant's conviction on any ground whatsoever. This includes a waiver of all rights to appeal the defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

b. The defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

_____           7-9-2020
Qingyun Sun, Defendant                Date

_____           7-9-2020
Andrew G. Fusco, Esq.                 Date
Counsel for Defendant

c.  To challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

This waiver of appellate rights is not intended to represent the defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent the defendant from arguing for a sentence below the aforementioned adjusted advisory Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

14.  The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Dr. Sun's background, criminal record, the offenses charged in the Information and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made to the Court by Dr. Sun or his counsel.

15.  If the defendant's plea is not accepted by the Court or is later set aside or if he breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

16.  Dr. Sun agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Title 18, United States Code, Section 3613. Furthermore, Dr. Sun agrees to provide all requested financial information to the United States and the Probation Office and agrees to participate in any presentencing debtor examinations. Dr. Sun also authorizes the Financial Litigation Unit in the U.S. Attorney's Office for the Northern District of West Virginia to access his credit report from any major credit reporting agency prior to sentencing, in order to assess the financial condition for sentencing purposes. Dr. Sun agrees, under penalty of perjury, to complete a financial statement to be returned with the plea agreement. If the Court

_____   Date 7-9-2020
Qingyun Sun, Defendant

_____   Date 7-9-2020
Andrew G. Fusco, Esq.
Counsel for Defendant

imposes a schedule of payments, Dr. Sun agrees that it will be deemed to be merely a minimum schedule of payments, not the only method available to the United States to enforce the judgment. If Dr. Sun is incarcerated, he agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. In addition, Dr. Sun agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset, regardless of the defendant's payment status or history at the time of said submission.

17. This plea offer expires if not accepted on or before **July 10, 2020, at 5:00 p.m.**

18. The above seventeen (17) paragraphs constitute the entire agreement between Dr. Sun and the United States of America in this matter. **There are no agreements, understandings or promises between the parties other than those contained in this Agreement.**

Very truly yours,

WILLIAM J. POWELL
United States Attorney

By: Jarod J. Douglas
Assistant United States Attorney

As evidenced by my signature at the bottom of the seven (7) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____     Date 7-9-2020
Qingyun Sun, Defendant

_____     Date 7-9-2020
Andrew G. Fusco, Esq.
Counsel for Defendant

- 7 -